**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD J. SIMPSON,

        Plaintiff,

                              CASE NO. 2:09-CV-14354
v.                              HONORABLE ROBERT H. CLELAND
                              UNITED STATES DISTRICT JUDGE

PRISON HEALTH SERVICES, et. al.

        Defendants,
_____/

**OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS
COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN**

Richard J. Simpson, ("plaintiff"), presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff claims that he is being denied adequate medical care by the defendants. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

**I. DISCUSSION**

In the present case, plaintiff is incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, which is located in the Western District of Michigan. Plaintiff remains incarcerated at this facility and claims that he is being deprived of adequate medical care at this facility. The defendants named in the complaint reside in the Western District of Michigan.

When federal jurisdiction is not based solely upon diversity of citizenship, venue is proper in (1) the judicial district where any defendant resides, if all of the defendants

1

reside in the same state, (2) the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or (3) the judicial district where any defendant may be found, if there is no other district in which the action may be brought. *See Bunting ex rel. Gray v. Gray,* 2 Fed. Appx. 443, 448 (6th Cir. 2001)(citing 28 U.S.C. § 1391(b)).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr,* 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. Plaintiff is currently incarcerated in the Western District of

Michigan and the defendants also reside in this district. Although plaintiff attached five medical request forms from the Genesee County Jail in Flint, Michigan from 2000 and 2001, which pertain to various health conditions that he claimed to be suffering from, as well as an X-ray report from 1999 which also involved a medical condition that plaintiff may have suffered from while incarcerated at the Genesee County Jail, the overwhelming majority of plaintiff's complaint alleges medical indifference on the part of M.D.O.C. officials while plaintiff was incarcerated at the Muskegon Correctional Facility. "'In tort cases, when determining whether a substantial part of the events or omissions giving rise to the plaintiff's claim occurred or did not occur' in a particular district for purposes of § 1391(b)(2), 'the facts that courts focus on include the place where the allegedly tortious actions occurred and the place where the harms were felt.'" *See Estate of Abtan v. Blackwater Lodge and Training Center,* 611 F.Supp. 2d 1, 8 (D.D.C. 2009)(quoting 14D Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure § 3806.1 (6th ed. 2008)). In the present case, the only allegedly tortious actions complained of by plaintiff occurred in the Western District of Michigan and that is where the harms are being felt. Plaintiff has not even named any persons from the Genesee County Jail as defendants. Venue is therefore not proper in this district for plaintiff's medical claims under any of the provisions of 28 U.S.C. § 1391(b), because none of the defendants reside in the Eastern District of Michigan, no substantial part of the events giving rise to plaintiff's medical claims took place here, and this is not a case in which no other district is available. *See Hazel v. Lappin,* 614 F. Supp. 2d 66, 72 (D.D.C. 2009).

       Moreover, in cases in which a plaintiff's claims may require testimony or files that

can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia,* 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003)(*quoting Starnes v. McGuire*, 512 F. 2d 918, 931 (D.C. Cir.1974). The Court also notes that plaintiff seeks injunctive relief in this case. Considerations of justice and convenience require the transfer of plaintiff's claim for injunctive relief for his claim of alleged inadequate medical care to the Western District of Michigan, which is the location of plaintiff and his medical records. *See Bryant v. Carlson,* 652 F. Supp. 1286, 1288-89 (D.D.C. 1987). Finally, the witnesses and files necessary to prosecute these claims are located in the Western District of Michigan and the burden of transporting the plaintiff to this judicial district would be significant. For these reasons, transfer of this action to the Western District would be proper. *See Welch v. Kelly,* 882 F. Supp. 177, 180 (D.D.C. 1995). Accordingly, this matter will be transferred to the Western District of Michigan for further proceedings.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: November 12, 2009

4